UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JASON WHITE

                                              Plaintiffs,      **PLAINTIFF'S FIRST**
             -against-                                **AMENDED COMPLAINT**
                                                                       **AND JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL BEST, SHIELD NO. 11744, POLICE
OFFICER COREY MCGUIRE, SHIELD NO. 6103,
POLICE OFFICER BRENDAN REILLY, SHIELD NO.    17-cv-04328(LAK)(KHP)
9343,

                                              Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a March 15, 2016 incident, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest and excessive force.

3. Plaintiff seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

6. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## PARTIES

7. Plaintiff Jason White is a resident of New York County in the State of New York.

8. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Police Officers Michael Best, Shield No. 11744, Corey McGuire, Shield No. 6103 and Brendan Reilly, Shield No. 9343 were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants Best, McGuire and Reilly were personally involved in the illegal arrest of plaintiffs and/or failed to intervene in the actions of their fellow officers. Defendants Best, McGuire and Reilly are sued in their individual capacity.

10. At all times here mentioned defendants were acting under color of state law, to wit,

under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On March 15, 2016 plaintiff Jason White was a passenger in a vehicle driven by Destiny Pettiford in Bronx, New York.

12. Ms. Pettiford and Mr. White were driving towards the entrance to the Major Deegan Expressway near West 230th Street, intending to enter the expressway.

13. Before Ms. Pettiford and Mr. White could merge onto the expressway, defendant police officers affected a traffic stop of plaintiffs' vehicle.

14. Defendants Best, McGuire and Reilly were all present for and personally involved in the traffic stop and the subsequent interactions with plaintiffs.

15. The traffic stop began at approximately 8:00 pm.

16. The defendant officers approached plaintiffs' vehicle.

17. Defendant Best approached the driver side window and requested Ms. Pettiford produce her license and registration.

18. Defendants Reilly and McGuire approached the passenger side of the vehicle where Mr. White was located.

19. Ms. Pettiford went towards her purse to retrieve her license.

20. While Ms. Pettiford was trying to retrieve her license from her purse, Defendant Best grabbed her arm through the car window. This prevented her from immediately retrieving her license for the officers.

21. Ms. Pettiford repeatedly requested to know why she had been pulled over.

22. Defendants did not respond to Ms. Pettiford's requests to know why the plaintiffs had

3

been pulled over.

23. After a few moments Ms. Pettiford retrieved her license and produced it to the officers.

24. Officers Best then opened the driver side door of the vehicle and physically pulled Ms. Pettiford out of the car.

25. At approximately the same time Ms. Pettiford was pulled from the driver side door, defendants McGuire and Reilly opened the passenger side door and pulled Mr. White out of the vehicle.

26. Defendants McGuire and Reilly handcuffed Mr. White.

27. Plaintiff was placed under arrest.

28. During the course of the arrest, defendant officers used excessive and unnecessary force against plaintiff.

29. Plaintiff did not physically resist defendants.

30. Nevertheless, plaintiff was arrested and taken the NYPD's 50th Precinct.

31. Plaintiff was processed for arrest and taken to central booking to await arraignment.

32. Mr. White was charged with attempted assault in the third degree.

33. Mr. White was on parole at the time of this incident. As a result of the new charges, he was violated on his parole, and held in custody until eventually being restored to parole on or about May 16, 2016.

34. On January 25, 2017 the Criminal Court entered an adjournment in contemplation of dismissal regarding Mr. White's case.

35. Defendants lacked probable cause or reasonable suspicion to believe plaintiff had been involved in any illegal activity.

36. Defendants Best, McGuire and Reilly were present for the entire interaction between

plaintiff and the defendants up to and including the time of arrest. The defendants each participated personally in the arrest. Defendants McGuire and Reilly physically took Mr. White into custody. Defendant Best served as the "arresting officer" for Mr. White and processed paperwork to affect his arrest and prosecution. Upon information and belief, each of the defendant officers participated in the decision to arrest plaintiff.

37. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

38. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

## DAMAGES

39. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   c. Loss of liberty;

   d. physical pain and suffering.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983 – as to Individual Defendants)

40. The above paragraphs are here incorporated by reference.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC § 1983.

42. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

43. Defendants falsely arrested plaintiff, used excessive force against plaintiff, and failed to intervene in each other's obviously illegal actions.

44. Plaintiffs have been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(False Arrest And Illegal Imprisonment – as to Individual Defendants)

45. The above paragraphs are here incorporated by reference.

46. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

47. Defendants intended to confine plaintiff and in fact confined him.

48. Plaintiff was conscious of the confinement and did not consent to it.

49. The confinement was not privileged.

## THIRD CAUSE OF ACTION
(Assault – as to Individual Defendants)

50. The above paragraphs are here incorporated by reference.

51. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

52. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and the laws and Constitution of New York State.

53. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(Battery – as to Individual Defendants)

54. The above paragraphs are here incorporated by reference.

55. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

56. Defendants used excessive and unnecessary force with plaintiff.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, and the New York State Constitution.

58. Plaintiff was damaged by defendants' battery.

### FIFTH CAUSE OF ACTION
(Respondeat Superior – as to City of New York)

59. The above paragraphs are here incorporated by reference.

60. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

61. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

62. The City of New York is responsible for the tortious conduct of its employees in this matter by reason of *respondeat superior*.

WHEREFORE, plaintiff demand judgments against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

    B.    Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:    March 5, 2018
                Brooklyn, New York

Respectfully yours,

*Nicholas Mindicino*

By: Nicholas Mindicino, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
(718) 852-3586
NMindicino@stollglickman.com

TO:    City of New York
        Corporation Counsel Office
        100 Church Street
        New York, NY  10007

        Officer Michael Best, Shield No. 11744

        Officer Corey McGuire, Shield No. 610

        Officer Brendan Reilly, Shield No. 9343